UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEAN FRENEL GEORGES; MARGARETTE
GEORGES; ALEXANDRA GEORGES;
FRENEL GEORGES, JR.; FRANCESCA
GEORGES,
Petitioners,

No. 97-1250

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A71-795-474, A72-418-733, A72-418-734, A72-418-735,
A72-418-736)

Submitted: July 8, 1997

Decided: July 31, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Brenda E. Ellison, Senior Litigation Counsel, John C. Cunningham,

Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Jean Frenel Georges, a citizen of Haiti, seeks review of a Board of Immigration Appeals (BIA) decision and order affirming the immigration judge's decision finding Georges deportable, denying his application for asylum[1] and withholding deportation,[2] and granting his request for voluntary departure. Georges' wife and three of his children are co-petitioners. They are dependents on Georges' application for asylum and are subject to the BIA's order of deportation. Georges, who entered the United States in June 1991 on a six month tourist visa, claims that he was persecuted while in Haiti and that he has a well-founded fear of persecution if he returns to Haiti. After review, we deny the petition.

The Immigration and Naturalization Service (INS) denied Georges' first petition for asylum and commenced deportation procedures once Georges' tourist visa expired. While conceding deportability, Georges again sought asylum and withholding deportation, or as a last resort, to leave the United States voluntarily. To be eligible for refugee status and discretionary asylum, Georges must show a reasonable possibility of persecution, or that a reasonable person in similar circumstances would fear persecution on account of his political beliefs or one of the other enumerated provisions of the statute. Georges testified at the hearing held by the immigration judge that he feared for his and his family members' lives if they returned to Haiti. He testified that

_____

[1] See 8 U.S.C. § 1158(a) (1994).
[2] See 8 U.S.C. § 1253(h) (1994).

2

before he left Haiti a coworker with ties to the Ton-Ton Macoutes, a paramilitary group with ties to Haiti's former dictatorial rulers, the Duvaliers, had threatened his life. According to Georges, he was persecuted because he supported Marc Bazin and his party, the Movement for Installation Of Democracy in Haiti (MIDH), to lead the country. Georges also claimed that he received threatening phone calls from the supporters of Haiti's current president, Jean Bertrand Aristide; however, Georges could not identify the callers nor did he mention the threatening phone calls in his first asylum petition.

Statute provides that administrative findings of fact are conclusive unless a reasonable adjudicator is compelled to conclude otherwise.[3] Therefore, we will uphold the decision of the BIA unless the evidence compels the conclusion that the petitioner has a well-founded fear of persecution because of his political opinion or one of the other enumerated bases in the statute.[4] In this case, the evidence simply does not compel the conclusion that Georges will be subjected to persecution or other harm upon his return to Haiti.

The immigration judge found Georges' testimony credible with regard to the threats from his coworker, but the immigration judge found that the coworker was not acting on behalf of Haitian authorities or the Haitian government. Additionally, the dispute with his coworker was essentially personal, and Georges' fear of harm was from an ordinary thug and not an organized political group. Besides the incidents at his job, Georges presented no evidence that he was ever harassed or even contacted by the Ton-Ton Macoutes at home, or anywhere else in Haiti. While the threats at his job were terrifying, the record does not compel a finding that the immigration judge erred in finding that Georges failed to establish past persecution, or a well-founded fear of persecution on account of actual or imputed political opinion or any of the other grounds for which asylum may be granted: race, religion, nationality, or membership in a particular social group.[5]

Although the immigration judge found Georges' testimony about

---

[3] **See** 8 U.S.C.A. § 1252(b)(4)(B) (West 1970 & Supp. 1997).

[4] **INS v. Elias-Zacarias**, 502 U.S. 478, 481 (1992).
[5] **See M.A. v. INS**, 899 F.2d 304, 312-14 (4th Cir. 1990) (in banc).

3

his coworker credible, the immigration judge did not find as credible Georges' story of threatening phone calls from Aristide supporters. Georges did not present this claim in his first petition in 1991, when the alleged events were recent and logically fresh in his memory. Instead, Georges waited four years to raise the claim and now places the blame for the delay on his attorney and translator. Even if the phone calls did occur, the immigration judge did not err in finding that they do not rise to the level of persecution, [6] or establish a clear probability of future persecution.[7]

In conclusion, Georges failed to establish that either the Ton-Ton Macoutes or the supporters of Aristide will persecute him because of his political opinions, or that he faces any harm beyond the violence incidental to the civil unrest in Haiti itself. [8] While the record may show that conditions in Haiti remain imperfect, Haiti now has a democratic government and Georges presented no evidence that he and his family would not be safe if they return. As the immigration judge noted, Marc Bazin continues to live in Haiti without incident, and a State Department report on human rights concludes that supporters of Bazin and the MIDH have little to fear upon returning to Haiti.

Because substantial evidence supports the decision of the BIA, Georges' petition for review is denied, and the decision of the Board of Immigration Appeals is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

_____

[6] **See Borca v. INS**, 77 F.3d 210, 215 (7th Cir. 1996).
[7] **See Cruz-Lopez v. INS**, 802 F.2d 1518, 1521 (4th Cir. 1986); Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir. 1986).
[8] **See Elias-Zacarias**, 502 U.S. at 483; M.A., 899 F.2d at 314-15.

4